**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

Civil Action No.

LACEY GAUTHIER,

     Plaintiff,

v.                                                                         **JURY TRIAL DEMANDED**

JOHNSON HEALTH TECH NORTH
AMERICA, INC., a Wisconsin Corporation,
and JOHNSON HEALTH TECH TRADING,
INC., a Wisconsin Corporation,

     Defendants.

---

## COMPLAINT

Plaintiff, **LACEY GAUTHIER** (hereinafter referred to as "Plaintiff"), by and through her undersigned counsel, **JOHNSON BECKER, PLLC**, hereby submits the following Complaint and Demand for Jury Trial against Defendants **JOHNSON HEALTH TECH NORTH AMERICA, INC.** (hereinafter referred to as "Johnson Health Tech") and **JOHNSON HEALTH TECH TRADING, INC.** (hereinafter referred to as "Johnson Health Trading") (collectively referred to as "Defendants"), and alleges the following upon personal knowledge, information, belief, and investigation of counsel:

## NATURE OF THE ACTION

1.    Defendants design, manufacture, market, import, distribute, and sell a wide-range of exercise and fitness equipment, including the subject "Horizon Fitness Folding Treadmill," Model No. T101-05, Serial No. TM486210108516 (hereinafter referred to as "treadmill(s)" or "subject treadmill(s)") that is at issue in this case.

1

2.      On or about January 16, 2023, Plaintiff was using the subject treadmill in her home as a means of exercising. Plaintiff had been walking at a comfortable speed for two or three minutes when she decided to increase the treadmill's incline. Plaintiff pressed the button to increase the incline, and the treadmill began to angle upward as expected. Suddenly, without warning and without Plaintiff's input, the treadmill's speed rapidly and drastically increased within a matter of seconds.

3.      Plaintiff attempted to hop onto the subject treadmill's siderails to get off the rapidly spinning belt, but was unable to do so. Her body was swept out from under her and she was thrown off the treadmill. As a result, Plaintiff sustained injuries to her elbow, hip, thigh, toes and back. Plaintiff's wounds became suspect for cellulitis, requiring a course of antibiotics. Plaintiff further suffered persistent back and neck pain, and was diagnosed with a spinal subluxation complex.

4.      Unforuantely, Plaintiff was not the first or only consumer to suffer injuries as the result of the subject treadmill rapidly and unexpectedly accelerating. On or October 27, 2022, the Consumer Products Safety Commission ("CPSC") announced a recall of approximately ***192,000*** of Defendants' Horizon Fitness T101-05 folding treadmills, which includes the subject treadmill, after receiving "***at least 874 reports where the treadmills unexpected changed speed or stopped, including 74 reports of injury.***"[1]

5.      According to Defendants and the CPSC, an issue with the subject treadmills' software causes the treadmills to "unexpectedly accelerate, change speed, or stop without user input, posing a fall hazard."[2] Defendants instructed consumers to immediately stop using the

---

[1] *See* the CPSC Recall Notice from October 27, 2022 (https://www.cpsc.gov/Recalls/2023/Johnson-Health-Tech-Trading-Recalls-Horizon-Fitness-Treadmills-Due-to-Fall-Hazard), a copy of which is attached hereto as Exhibit A.
[2] *Id*.

subject treadmills, and to contact Defendants to "receive a free USB with a software repair" that Defendants alleged would fix the problem once installed on the subject treadmills.[3]

6.      The recall identified two groups of T101-05 folding treadmills as affected by the recall, one of which, was T101-05 treadmills manufactured in Vietnam with a serial number starting with "TM486." [4] Plaintiff's T101-05 treadmill, which was manufactured in Vietnam and has serial number TM486210108516, falls within that group.

7.      Defendants knew or should have known of these defects but nevertheless put profit ahead of safety by continuing to sell their treadmills to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to timely recall the dangerously defective treadmills despite the risk of significant injuries to Plaintiff and consumers like her.

8.      As a direct and proximate result of Defendants' collective conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, physical pain, mental anguish, and diminished enjoyment of life.

## PLAINTIFF LACEY GAUTHIER

9.      Plaintiff Lacey Gauthier is an adult resident and citizen of the City of Minneapolis, County of Hennepin, State of Minnesota. Plaintiff has been domiciled in the City of Minneapolis, County of Hennepin, State of Minnesota from the time of her injuries through the present, and is therefore deemed a citizen of the State of Minnesota for purposes of diversity pursuant to 28 U.S.C. § 1332.

10.      On or about January 16, 2023, Plaintiff was using the subject treadmill in her home when without warning and without Plaintiff's input, the treadmill's speed rapidly and drastically

---

[3] *Id*.
[4] *Id*.

increased within a matter of seconds. As a result, Plaintiff was thrown from the treadmill and sustained abrasions and bruises to her elbow, hip, thigh, and toes, as well as spinal subluxation complex. Plaintiff's wounds became suspect for cellulitis, requiring a course of antibiotics.

<u>**DEFENDANTS JOHNSON HEALTH TECH NORTH AMERICA, INC.**<br>**AND JOHNSON HEALTH TECH TRADING, INC.**</u>

11.     Defendants collectively design, manufacture, market, import, distribute, and sell a variety of exercise and fitness products including, *inter alia*, home treadmills, retail treadmills, and exercise bikes.

12.     Defendant Johnson Health Tech North America, Inc. is, and was at the time of Plaintiff's injuries, a corporation organized and existing under the laws of the state of Wisconsin, with its principal place of business located at 1600 Landmark Drive, Cottage Grove, Wisconsin 53527. Upon information and belief, Johnson Health Tech does business in all 50 states. Johnson Health Tech is therefore deemed to be a resident and citizen of the State of Wisconsin for purposes of diversity jurisdiction under 28 U.S.C. §1332.

13.     Defendant Johnson Health Tech Trading, Inc. is, and was at the time of Plaintiff's injuries, a corporation organized and existing under the laws of the state of Wisconsin, with its principal place of business located at 1600 Landmark Drive, Cottage Grove, Wisconsin 53527. Upon information and belief, Johnson Health Trading does business in all 50 states. Johnson Health Trading is therefore deemed to be a resident and citizen of the State of Wisconsin for purposes of diversity jurisdiction under 28 U.S.C. §1332.

14.     At all times relevant, Defendants substantially participated in the design, manufacture, marketing, import, distribution, and sale of the subject treadmill, which caused Plaintiff's injuries and damages.

<u>**JURISDICTION AND VENUE**</u>

4

15.     This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

16.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Plaintiff is a resident and citizen of the State of Minnesota.

17.     Venue in this Court is also proper pursuant to 28 U.S.C. § 1391 in that both Defendants have sufficient minimum contacts with the State of Minnesota and intentionally availed themselves of the markets within Minnesota through the promotion, sale, marketing, and distribution of their products.

18.     Further, Defendant Johnson Health Tech North America, Inc. maintains a registered agent in the State of Minnesota, and may be served with process at Corporation Service Company, 2780 Snelling Avenue North, Suite 101, Roseville, MN 55113. Likewise, Defendant Johnson Health Tech Trading, Inc. also maintains a registered agent in the State of Minnesota, and may be served with process at Corporation Service Company, 2780 Snelling Avenue North, Suite 101, Roseville, MN 55113.

## FACTUAL ALLEGATIONS

19.     Defendants are engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing, and selling a variety of exercise and fitness products including, the "Horizon Fitness Folding Treadmill," Model No. T101-05, Serial No. TM486210108516 at issue in this case.

20.     On January 16, 2023, Plaintiff was using the subject treadmill in her home as a means of exercising. Plaintiff had been walking at a comfortable speed for two or three minutes

5

when she decided to increase the treadmill's incline. Plaintiff pressed the button to increase the incline, and the treadmill began to angle upward as expected. Suddenly, without warning and without Plaintiff's input, the treadmill's speed rapidly and drastically increased within a matter of seconds.

21. Plaintiff attempted to hop onto the subject treadmill's siderails to get off the rapidly spinning belt, but was unable to do so. Her body was swept out from under her and she was thrown off the treadmill. As a result, Plaintiff sustained injuries her elbow, hip, thigh, toes and back.Plaintiff's wounds became suspect for cellulitis, requiring a course of antibiotics. Plaintiff further suffered persistent back and neck pain, and was diagnosed with a spinal subluxation complex.

22. As it would turn out, Plaintiff was not the first or only consumer to suffer injuries as the result of the subject treadmill rapidly and unexpectedly accelerating. On or October 27, 2022, the Consumer Products Safety Commission ("CPSC") announced a recall of approximately 192,000 of Defendants' Horizon Fitness T101-05 folding treadmills, which includes the subject treadmill, after receiving "at least 874 reports where the treadmills unexpected changed speed or stopped, including 74 reports of injury."

23. According to Defendants and the CPSC, an issue with the subject treadmills' software causes the treadmills to "unexpectedly accelerate, change speed, or stop without user input, posing a fall hazard."  Defendants instructed consumers to immediately stop using the subject treadmills, and to contact Defendants to "receive a free USB with a software repair" that Defendants alleged would fix the problem once installed on the subject treadmills.

24. The recall identified two groups of T101-05 folding treadmills as affected by the recall, one of which, was T101-05 treadmills manufactured in Vietnam with a serial number

starting with "TM486."   Plaintiff's T101-05 treadmill, which was manufactured in Vietnam and has serial number TM486210108516, falls within that group.

25.     By reason of the forgoing acts or omissions, the above-named Plaintiff purchased and used the subject treadmill with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use as home exercise equipment.

26.     Plaintiff used the treadmill for its intended purpose of exercising in her home, and did so in a manner that was reasonable and foreseeable by Defendants.

27.     However, the treadmill was defectively designed and manufactured by Defendants in that it failed to properly function in a safe manner during its ordinary, foreseeable, and proper use, placing the Plaintiff, her family, and similar consumers in danger while operating the treadmill.

28.     Defendants' treadmills possess defects that make them unreasonably dangerous for their intended use by consumers because the treadmill can suddenly and unexpectedly accelerate, change speeds, or stop while in use, and without any input or direction from the user.

29.     Economic, safer alternative designs were available that could have prevented the treadmill from unexpectedly accelerating, changing speeds, or stopping while in use.

30.     As a direct and proximate result of Defendants' collective intentional concealment of such defects, its failure to warn consumers of such defects, its negligent misrepresentations, its failure to remove a product with such defects from the stream of commerce, and its negligent design of such products, Plaintiff used an unreasonably dangerous treadmill, which resulted in significant and painful bodily injuries to Plaintiff.

31.     Consequently, the Plaintiff in this case seeks damages resulting from the use of

Defendants' treadmill as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## SPECIFIC COUNTS

### COUNT ONE AS TO ALL DEFENDANTS
### STRICT LIABILITY (DEFECTIVE DESIGN)

32. Plaintiff incorporates by reference and realleges allegations 1 through 31 as though set forth fully at length herein, and further alleges:

33. Defendants are the designers, manufacturers, importers, distributors, marketers, and suppliers of the subject treadmill which was defectively designed and was unreasonably dangerous for its intended use by foreseeable consumers such as Plaintiff.

34. The subject treadmill was unreasonably dangerous in design due to the treadmill's ability and propensity to unexpectedly accelerate, change speed, or stop without user input, posing a fall hazard to consumers using the treadmill.

35. The aforementioned design defects rendered Defendants' product unsafe and unfit for its intended use.

36. Defendants' product was in this defective and dangerous condition at the time it left Defendants' possession.

37. Defendants failed to act reasonably in choosing a design of the subject treadmill that would prevent the treadmill from accelerating, changing speed, or stopping unprompted while in use.

38. Defendants could and should have used a safer alternative design to prevent the treadmill from suddenly and unexpectedly changing speeds while in use.

39.     A reasonable consumer, including Plaintiff, would not have reason to expect that the subject treadmill would unexpectedly accelerate without any input from the user, would not be able to detect any such defect, and would not have any knowledge as to how to prevent such an incident from occurring.

40.     The subject treadmill was expected to reach and did reach the intended consumers, including Plaintiff, without substantial change in the condition in which it was sold.

41.     Plaintiff did not misuse or materially alter the subject treadmill and is unaware as to how she could have avoided the incident.

42.     The subject treadmill was defective at the time of its design, and such defects and risks of harm outweighed the utilities and/or benefits of its design.

43.     At the time it was sold, Defendants knew or should have known that their treadmills possessed defects that pose a serious safety risk to Plaintiff and the public.

44.     As the direct and proximate result of the design defects contained within the subject treadmill, Plaintiff suffered and continues to suffer injuries and damages, for which the Defendants in this case are liable.

**WHEREFORE**, Plaintiff demands judgment against Defendants for damages, together with interest, costs of suit, and all such other relief as the Court deems proper.  Plaintiff reserves the right to amend this Complaint to include a claim for punitive damages according to proof.

**COUNT TWO AS TO ALL DEFENDANTS**
**STRICT LIABILITY (DEFECTIVE MANUFACTURE)**

45.     Plaintiff incorporates by reference and realleges allegations 1 through 31 as though set forth fully at length herein, and further alleges:

9

46.    Defendants are the designers, manufacturers, importers, distributors, marketers, and suppliers of the subject treadmill which was defectively manufactured, and was unreasonably dangerous for its intended use by foreseeable consumers such as Plaintiff.

47.    Defendants' product deviated from the manufacturing and design specifications, formulae, performance standards and from otherwise identical units of this product type.

48.    The subject treadmill did not operate in accordance with performance standards in that its software allowed for and/or caused the treadmill to unexpectedly accelerate, change speeds, and stop without input from the user.

49.    The subject treadmill was unreasonably dangerous due to the treadmill's ability and propensity to unexpectedly accelerate, change speed, or stop without user input, posing a fall hazard to consumers using the treadmill.

50.    At the time the subject treadmill was manufactured, marketed, imported, distributed, and sold by the Defendants, it was defective, unsafe, and unreasonably dangerous for its intended and foreseeable use(s) by consumers, including plaintiff, due to these manufacturing defects or omissions by Defendants.

51.    The manufacturing defects allowed and/or caused the treadmill to unexpectedly accelerate, change speeds, and stop without input from the user, during the normal, directed use of the treadmill.

52.    Defendants failed to conduct adequate safety testing and inspections of the subject treadmill.

53.    The subject treadmill was expected to reach and did reach the intended consumers, including Plaintiff, without substantial change in the condition in which it was sold.

54. A reasonable consumer, including Plaintiff, would not have reason to expect that the subject treadmill would suddenly accelerate, change speeds, and/or stop without the user directing it to, would not be able to detect any such defect, and would not have any knowledge as to how to prevent such an incident occurring.

55. Plaintiff did not misuse or materially alter the subject treadmill and is unaware as to how she could have avoided the incident.

56. At the time it was sold, Defendants knew or should have known that their treadmills possessed defects that pose a serious safety risk to Plaintiff and the public.

57. As the direct and proximate result of the defects contained within the subject treadmill, Plaintiff suffered and continues to suffer injuries and damages, for which the Defendants in this case are liable.

**WHEREFORE**, Plaintiff demands judgment against Defendants for damages, together with interest, costs of suit, and all such other relief as the Court deems proper. Plaintiff reserves the right to amend this Complaint to include a claim for punitive damages according to proof.

## COUNT THREE AS TO ALL DEFENDANTS
## STRICT LIABILITY (FAILURE TO WARN)

58. Plaintiff incorporates by reference and realleges allegations 1 through 31 as though set forth fully at length herein, and further alleges:

59. Defendants are the designers, manufacturers, importers, distributors, marketers, and suppliers of the subject treadmill, which contained inadequate and incomplete warnings for foreseeable users, including Plaintiff.

60. The subject treadmill did not contain adequate warnings or instructions for use, making it defective and unreasonably dangerous to consumers and foreseeable users of the subject treadmill, including Plaintiff.

11

61.     Defendants failed to warn foreseeable users and consumers, including Plaintiff, of any specific risk of harm, including that the treadmill could suddenly accelerate, change speeds, or stop, during the normal, directed use of the treadmill.

62.     At the time it was sold, Defendants knew or should have known that their treadmills possessed defects that pose a serious safety risk to Plaintiff and the public.

63.     As a direct and proximate result of the Defendants' failure to warn and/or inadequate instructions, the Plaintiff suffered and continues to suffer injuries and damages, for which the Defendants in this case are liable.

**WHEREFORE**, Plaintiff demands judgment against Defendants for damages, together with interest, costs of suit, and all such other relief as the Court deems proper.  Plaintiff reserves the right to amend this Complaint to include a claim for punitive damages according to proof.

**COUNT FOUR AS TO ALL DEFENDANTS**
**<u>NEGLIGENCE</u>**

64.     Plaintiff incorporates by reference and realleges allegations 1 through 31 as though set forth fully at length herein, and further alleges:

65.     Defendants had a duty of reasonable care to design, manufacture, import, market, distribute, and sell treadmills that are free of defects and which are reasonably safe for their intended use by Plaintiff and consumers like her.

66.     Defendants failed to exercise ordinary care in the design, manufacture, import, marketing, distribution, warnings, quality assurance, quality control, distribution, advertising, promotion, and sale of their treadmills in that Defendants knew or should have known that said treadmills created a high risk of unreasonable harm to the Plaintiff and consumers alike.

67.     Defendants were negligent in the design, manufacture, import, advertising, warning, distribution, marketing, and sale of its treadmills in that, among other things, it:

12

a. Failed to use due care in designing and manufacturing the treadmills to avoid the aforementioned risks to individuals;

b. Placed an unsafe product into the stream of commerce; and

c. Were otherwise careless or negligent.

68. As a direct and proximate result of the Defendants' negligence, the Plaintiff suffered and continues to suffer injuries and damages, for which the Defendants in this case are liable.

**WHEREFORE**, Plaintiff demands judgment against Defendants for damages, together with interest, costs of suit, and all such other relief as the Court deems proper. Plaintiff reserves the right to amend this Complaint to include a claim for punitive damages according to proof.

## <u>INJURIES & DAMAGES</u>

69. As a direct and proximate result of Defendants' strict liability, collective negligence and wrongful misconduct as described herein, Plaintiff has suffered and will continue to suffer physical and emotional injuries and damages including past, present, and future physical and emotional pain and suffering as a result of the incident. Plaintiff is entitled to recover damages from Defendants for these injuries in an amount which shall be proven at trial

70. As a direct and proximate result of Defendants' strict liability, negligence and wrongful misconduct, as set forth herein, Plaintiff has incurred and will continue to incur the loss of full enjoyment of life and disfigurement as a result of the incident. Plaintiff is entitled to recover damages for loss of the full enjoyment of life and disfigurement from Defendants in an amount to be proven at trial.

71. As a direct and proximate cause of Defendants' strict liability, negligence and wrongful misconduct, as set forth herein, Plaintiff has incurred medical treatment expenses and will continue to incur expenses for medical care and treatment, as well as other expenses, as a

13

result of the injuries she suffered as a result of the incident. Plaintiff is entitled to recover damages from Defendants for her past, present and future medical and other expenses in an amount which shall be proven at trial.

**WHEREFORE**, Plaintiff demands judgment against Defendants for damages, together with interest, costs of suit, and all such other relief as the Court deems proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendants for damages, as well as all costs of this action, to the full extent of the law, whether arising under the common law and/or statutory law, including:

a.  judgment for Plaintiff and against Defendants;

b.  damages to compensate Plaintiff for her injuries, economic losses and pain and suffering sustained as a result of the use of the Defendants' treadmill;

c.   pre and post judgment interest at the lawful rate;

d.  a trial by jury on all issues of the case; and

e.  for any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

Respectfully Submitted,

Dated: <u>March 19, 2025</u>

**JOHNSON BECKER, PLLC**

*/s/ Adam J. Kress, Esq.*
Adam J. Kress, Esq. (MN #0397289)
Anna R. Rick, Esq. (MN #0401065)
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1800 / (612) 436-1801 (f)
akress@johnsonbecker.com
arick@johnsonbecker.com

***Attorneys for Plaintiff***

14