## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

LACEY GAUTHIER,

       Plaintiff,

vs.

JOHNSON HEALTH TECH NORTH
AMERICA, INC., a Wisconsin
Corporation, and JOHNSON HEALTH
TECH TRADING, INC., a Wisconsin
Corporation,

       Defendants.

Case No. 0:25-cv-01025-JRT-JFD

**DEFENDANTS' ANSWER TO
PLAINTIFF'S COMPLAINT**

Defendants Johnson Health Tech North America, Inc., and Johnson Health Tech Trading, Inc. (collectively as "Defendants") for their Joint and Separate Answer to Plaintiff's Complaint, state and allege as follows:

1. Defendants generally deny each and every allegation, matter, and thing contained in the Complaint except as hereinafter admitted, qualified, or otherwise stated.

2. Defendants deny Paragraph 1 as stated.

3. Answering Paragraphs 2 and 3 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained therein; therefore, Defendants deny the same and place Plaintiff to her proof thereof.

4.      Answering Paragraphs 4 through 6 of the Complaint, Defendants admit a recall was issued by the United States Consumer Products Safety Commission on October 27, 2022, the public record of which speaks for itself.

5.      Paragraphs 7 and 8 of the Complaint are denied.

6.      Answering Paragraphs 9 through 10 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained therein; therefore, Defendants deny the same and place Plaintiff to her proof thereof.

7.      Paragraph 11 of the Complaint is denied.

8.      Answering Paragraph 12 of the Complaint, Defendant Johnson Health Tech North America, Inc. admits that it is a Wisconsin corporation.

9.      Answering Paragraph 13 of the Complaint, Defendant Johnson Health Tech Trading, Inc. admits that it is a Wisconsin corporation.

10.      Paragraph 14 of the Complaint is denied.

11.      Paragraphs 15 and 16 of the Complaint contain legal conclusions not requiring a response.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained therein; therefore, Defendants deny the same and place Plaintiff to her proof thereof.

12.      Paragraph 17 of the Complaint is denied.

13.      Paragraph 18 of the Complaint is admitted.

14.      Paragraph 19 of the Complaint is denied.

15. Answering Paragraphs 20 through 21 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained therein; therefore, Defendants deny the same and place Plaintiff to her proof thereof.

16. Answering Paragraph 22 of the Complaint, Defendants admit a recall was issued by the United States Consumer Products Safety Commission on October 27, 2022, the public record of which speaks for itself. As to the remaining allegations contained in Paragraph 22 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained therein; therefore, Defendants deny the same and place Plaintiff to her proof thereof.

17. Answering Paragraphs 23 through 24 of the Complaint, Defendants admit a recall was issued by the United States Consumer Products Safety Commission on October 27, 2022, the public record of which speaks for itself.

18. Answering Paragraphs 25 through 26 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained therein; therefore, Defendants deny the same and place Plaintiff to her proof thereof.

19. Paragraphs 27 through 30 of the Complaint are denied.

20. Answering Paragraph 31 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained therein; therefore, Defendants deny the same and place Plaintiff to her proof thereof.

21. Paragraph 32 of the Complaint contains no new allegations requiring a response.

22. Paragraphs 33 through 39 of the Complaint are denied.

23. Answering Paragraph 40 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained therein; therefore, Defendants deny the same and place Plaintiff to her proof thereof.

24. Paragraphs 41 through 44 are denied.

25. Defendants deny that Plaintiff is entitled to any of the relief listed in the WHEREFORE paragraph between Paragraphs 44 and 45 of the Complaint, or any other relief that may be requested elsewhere.

26. Paragraph 45 of the Complaint contains no new allegations requiring a response.

27. Paragraphs 46 through 52 of the Complaint are denied.

28. Answering Paragraph 53 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained therein; therefore, Defendants deny the same and place Plaintiff to her proof thereof.

29. Paragraphs 54 through 57 of the Complaint are denied.

30. Defendants deny that Plaintiff is entitled to any of the relief listed in the WHEREFORE paragraph between Paragraphs 57 and 58 of the Complaint, or any other relief that may be requested elsewhere.

31.    Paragraph 58 of the Complaint contains no new allegations requiring a response.

32.    Paragraphs 59 through 63 of the Complaint are denied.

33.    Defendants deny that Plaintiff is entitled to any of the relief listed in the WHEREFORE paragraph between Paragraphs 63 and 64 of the Complaint, or any other relief that may be requested elsewhere.

34.    Paragraph 64 of the Complaint contains no new allegations requiring a response.

35.    Paragraph 65 contains a legal conclusion not requiring a response.

36.    Paragraphs 66 through 68 of the Complaint are denied.

37.    Defendants deny that Plaintiff is entitled to any of the relief listed in the WHEREFORE paragraph between Paragraphs 68 and 69 of the Complaint, or any other relief that may be requested elsewhere.

38.    Paragraphs 69 through 71 of the Complaint are denied.

39.    Defendants deny that Plaintiff is entitled to any of the relief listed in the WHEREFORE paragraphs listed after paragraph 71, including all subparts, or any other relief that may be requested elsewhere.

## **AFFIRMATIVE DEFENSES**

40.    Plaintiff's Complaint fails to state a claim against Defendants for which relief can be granted.

41.    Defendants affirmatively allege that the injuries or damages referred to in the Complaint were otherwise caused by the negligence, fault, or conduct of Plaintiff and/or the negligence, fault, or conduct of others over whom Defendants had no control.

42.    Defendants affirmatively allege that Plaintiff's cause of action fails for want of duty.

43.    Defendants affirmatively allege that, to the extent damages exist, Plaintiff has failed to mitigate her damages.

44.    Defendants affirmatively allege that Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations, repose, or the doctrines of waiver, laches, and/or estoppel.

45.    Defendants affirmatively allege that the injuries or damages referred to in the Complaint, if any, were the result of intervening and/or superseding events, occurrences or conditions which were not caused by Defendants, nor which Defendants are liable.

46.    Plaintiff has failed to join necessary or indispensable parties.

47.    Plaintiff's claims may be barred in whole or in part by any post-sale alteration and/or modification.

48.    Plaintiff's claims may be barred in whole or in part by the misuse of the product, the abuse of the product, the failure to properly maintain the product and/or the failure to properly operate the product.

49.    Plaintiff's claims are barred in whole or part by the applicable terms and conditions of the sale(s) of product by Defendants.

50.    Plaintiff's claims are barred in whole or in part by the "state of the art" defense.

51.    Defendants affirmatively allege that Plaintiff's claims are barred by the doctrines of accord and satisfaction, waiver, and laches.

52.    Plaintiff's claims are barred in whole or in part by the doctrines of unclean hands, consent, and/or primary or secondary assumption of risk.

53.    Plaintiff's claims are barred in whole or in part because the design, manufacture and instructions and warnings for the product conformed to the applicable industry standards, regulations, requirements, practices, and state-of-the-art knowledge at the time of its original sale, and the relevant conduct of the manufacturer was in accordance with such standards of care and reasonable as a matter of law.

54.    Plaintiff's claims are barred in whole or in part by the collateral source doctrine.

55.    To the extent Plaintiff has raised any claims including failure to warn claims attempting to impose requirements on Defendants beyond those put forth by federal law, regulations or standards, those state law claims are preempted by federal law.

56.    Plaintiff's claims are barred by the doctrine of spoliation of evidence.

57.    Plaintiffs' claims may be barred in whole or in part by Minn. Stat. § 544.41 et seq.

58.    Defendants reserve the right to assert additional affirmative defenses to the extent those defenses are determined through discovery.

## JURY DEMAND

59.    Defendants Johnson Health Tech North America, Inc. and Johnson Health Tech Trading, Inc. hereby demand a trial by jury on all issues raised by the pleadings.

**WHEREFORE**, Defendants Johnson Health Tech North America, Inc. and Johnson Health Tech Trading, Inc. request that the Court enter judgment in its favor adjudging that Plaintiff takes nothing on her Complaint and that the Complaint by dismissed in its entirety and Defendants have judgment herein, together with their costs, disbursements, and attorneys' fees, and for such other and further relief as the Court deems just and proper.

Dated:  April 16, 2025

*s/Anthony J. Novak*
Anthony J. Novak (#351106)
Aaron S. Brown (#0403511)
LARSON • KING, LLP
30 East Seventh Street, Ste. 2800
Saint Paul, MN  55101
(651) 312-6500 | Fax: (651) 312-6618
tnovak@larsonking.com
abrown@larsonking.com
**Attorneys for Defendants**